STATE, DAVID J. BOICE, PROSECUTOR, v. CITY OF PLAIN-
FIELD.

1. In a notice of intention to widen a street it is a sufficient description to state that part of the owner's land will be required, lying on a certain street, between the intersections of two other streets, and referring for further description to the ordinance, to which he has access.

2. Failure to agree with the land owner for his lands to be used in the improvement, is a jurisdictional fact that must precede the condemnation, and appear on the face of the proceedings.

3. Where three commissioners to assess the value of lands to be condemned are appointed, two weeks' notice, prescribed by the charter, given of their appointment and time and place of meeting to assess, if one of them refuses to act and another is appointed in his place, without notice, before the assessment, their subsequent award is void.

---

On *certiorari* to review the proceedings to condemn lands of the prosecutor, and make assessment for street improvement, under an ordinance for the widening of Cherry street,

from North avenue southeasterly to Seventh street, passed May 6th, 1876.

For the plaintiff, *J. H. Ackerman.*

For the defendant, *Suydam & Jackson.*

The opinion of the court was delivered by

SCUDDER, J. The first reason assigned for the reversal of this assessment is that the notice given by the common council of their intention to take the land of the prosecutor is defective. The charter, section thirty-nine, (*Pamph. L.*, 1872. *p.* 1148,) after giving the common council authority, by ordinance, to lay out, open, alter or widen any street in any part of the said city of Plainfield, requires that they shall give a written or printed notice to the owner or owners of any lands or real estate, with the appurtenances, necessary to be taken for either of the said purposes, or to his, her, or their legal representatives, of their intention to take such land or other real estate and appurtenances, and appropriate it for such street, and shall treat with such person or persons for the same.

The ordinance in controversy in this case will be found set forth in *State, Boice, pros.,* v. *City of Plainfield,* 9 *Vroom* 95. Its purpose is to widen Cherry street in the southeasterly course, from North avenue to Seventh street. It is admitted that it is necessary to take a portion of the land of the prosecutor to make this improvement; that the ordinance is a valid exercise of the charter powers of the common council, and that a printed notice of intention was served on the prosecutor June 10th, 1876.

The form of this notice is questioned. It is addressed to the prosecutor, and notifies him " that it is the intention of the common council to take a part of his lands and real estate, situate on Cherry street, between North avenue and Seventh street, in said city, pursuant to the provisions of an ordinance entitled 'An ordinance for the widening of Cherry street, from North avenue southeasterly to Seventh street,' approved May

6th, 1876." Where a notice is required of this character, and its contents are not prescribed, it should in itself be sufficiently descriptive to fairly inform those interested of the real improvement intended. *State, Carr, pros.,* v. *Jersey City,* 6 *Vroom* 404; *State, Peters, pros.,* v. *Newark,* 2 *Vroom* 360; *Vail* v. *Morris and Essex R. R. Co.,* 1 *Zab.* 189. This notice is addressed to the prosecutor by name; he is informed that his land, lying on a certain street, between the intersections of two other streets, is to be taken for the purpose of widening the same, pursuant to an ordinance, which is a public record to which he, as a citizen, has access. As a preliminary notice of an intention to take a part of the prosecutor's land to widen this street, it is sufficiently descriptive of the intended improvement, and there is no danger that the land owner will be misled, or be without information of the nature of the call upon his property. To require greater particularity would be a useless refinement and repetition.

The next objection, that it does not appear that the common council did treat with the land owner for the land necessary to be taken for the street, is answered by the additional clause in the notice of intention of a time and place when and where the owner might be present to treat with the council for his lands; and the fact, admitted in the state of the case, that the prosecutor did appear, and refused and failed to treat for the portion of lands required for the street. The attempt and failure to agree with the land owner are jurisdictional facts which precede the condemnation of the lands, and must appear on the face of the proceedings before further steps can be taken. *State, Wilkinson, pros.,* v. *Trenton,* 7 *Vroom* 499; *Vail* v. *Morris and Essex R. R. Co.,* 1 *Zab.* 189; *Doughty* v. *S. & E. R. R. Co.,* 1 *Zab.* 442; *Coster* v. *N. J. R. R. Co.,* 3 *Zab.* 227. But the effect of the above admission made in the case presented to the court is to dispense with the proof, that might have been offered, that in the minutes of the council, or in some other legal form, it does appear that there was an effort to treat for the lands, and a failure to agree.

The third reason relates to the appointment of commis-

sioners, and the notice given of their meeting.  Section thirty-nine of the charter directs that if the land owner shall refuse to treat for his land, it shall be lawful for the council to appoint three judicious and disinterested citizens of said city, as commissioners, to make an estimate and assessment of damages.  Section forty prescribes the oath to be taken by said commissioners.  Section forty-one orders that the common council shall appoint and give notice of the meeting of said commissioners by advertising the same in two newspapers printed in the city of Plainfield, if so many there be, two weeks before the time of meeting.  The said commissioners, or a majority of them, when met, shall have power to swear and examine witnesses, and shall view the premises, if necessary, and make just and true estimates and assessments, and report their proceedings to the common council, &c.

August 9th, 1876, the common council, by resolution, appointed James Parker, George Boyd and Joseph Cutter commissioners under the above-recited sections.  On the same day they fixed August 31st, 1876, and the council chamber, as the time and place for the said commissioners to meet and fulfill the duties of their office, and all persons interested were notified to be then and there present.  This notice was duly advertised.  Two of these commissioners, James Parker and Joseph S. Cutter, accepted the appointment, but George Boyd, the third person named, declined to serve, and on August 29th, 1876, J. Oakley Nodyne was appointed a commissioner in his place.  Two days afterwards, these three commissioners, Parker, Cutter and Nodyne, having been duly sworn as commissioners, met to hear parties interested in the street matter, and subsequently made their report.  But one notice was given of this meeting, and that was that Parker, Boyd and Cutter would meet and act.  There was no notice that Nodyne would be one of the commissioners, to act in the place of Boyd.  This appointment of Nodyne was a change in the board of assessment, of which the parties interested should have had notice.  The power was given to council to remove the commissioners appointed by them, and appoint others for any

cause that to said common council might seem just. But when the board constituted by them shall meet to act, there must have been two weeks' notice of the meeting of that board, and not of another.

This is an important omission, for the presence and influence of the unadvertised commissioner may be the controlling power in the board. It is no answer to say that a majority of the commissioners, when met, have power given them by the charter to make estimates and report, and that two of the originally appointed commissioners remained and acted. The presence of a third person made it a different board, of whose meeting to act the parties interested had no legal notice. This is a fatal defect in their proceedings.

The remaining reasons relate to the form of the assessment, and the questions raised do not differ essentially from those already decided in this court in other cases, and need not, therefore, be again considered.

For the reason above stated the report and assessment of these commissioners, and all proceedings thereunder, are set aside so far as they affect the prosecutor.